**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

Shawneice Brown-Kelow,

Plaintiff, Civil Action No.: ______________

v.

Equifax Information Services LLC,

Defendant. **JURY TRIAL DEMANDED**

## COMPLAINT

Shawneice Brown-Kelow requested her consumer credit file from Equifax Information Services, LLC because she wanted to understand where she stood financially and to make sure the record Equifax was selling to lenders about her actually reflected reality. She had every reason to expect a complete and honest picture of her own credit history in return. Instead, when the file arrived on June 24, 2026, it was riddled with blank fields, missing payment figures, frozen placeholder dates, and balances that contradicted the very credit limits printed beside them.

As Ms. Brown-Kelow went account by account trying to reconcile what Equifax had reported against her own memory of her accounts, the gaps kept multiplying. Payment amounts that

should have been there were simply absent. A collection account did not even list a status. An account that had been paid off years earlier came with no balance history at all. What began as a routine check of her own credit file became a frustrating exercise in guesswork.

The scope of what was missing made clear this was not a one-time glitch. Across only seven reported accounts, Ms. Brown-Kelow's file disclosure contained in excess of 330 blank, missing, or frozen data fields. The same frozen date, unchanged month after month, appeared identically across twenty-three consecutive rows on one account, twenty-three consecutive rows on another, and four consecutive rows on a third, three different accounts, three different creditors, the same telltale sign of a system populating tables with placeholder values instead of the real data Equifax had on file. On top of that, two accounts reported balances that plainly exceeded their own stated credit limits, month after month, without correction.

The Fair Credit Reporting Act requires a consumer reporting agency to clearly and accurately disclose to a consumer all of the information in her file when she asks for it, and to follow reasonable procedures to assure the maximum possible accuracy of what it reports about her. Equifax did neither. It withheld data from Ms. Brown-Kelow that it plainly possessed and regularly furnished to third parties, and it disseminated balances to lenders that contradicted the credit limits on the very same accounts.

Ms. Brown-Kelow brings this action for actual damages, statutory damages, punitive damages, and injunctive relief requiring Equifax to provide her with the complete and accurate file disclosure the law entitles her to receive.

## JURISDICTION AND VENUE

1. Jurisdiction arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as this action arises under the laws of the United States.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff Shawneice Brown-Kelow is a natural person residing at 24 Charlotte St Apt 1, Dorchester, Massachusetts 02121, within this District, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company with a principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Defendant's registered agent in the State of Georgia may be located through the Georgia Secretary of State's corporate database.

5. Equifax is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, it regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, and it uses the mail and instrumentalities of interstate commerce in doing so.

## FACTUAL ALLEGATIONS

### A. Credit Report Overview

6. On June 24, 2026, Plaintiff obtained her consumer credit disclosure from Equifax, bearing confirmation number 6175535990.

7. The disclosure identified seven trade line accounts that Equifax maintained and reported concerning Plaintiff: two accounts furnished by Capital One Bank USA NA, one account furnished by LVNV Funding LLC, one account furnished by Comenitycapital/Forever21, two accounts furnished by Kikoff Lending, LLC, and one account furnished by Fingerhut/WebBank.

**B. Incomplete File Disclosure**

8. The Capital One Bank USA NA revolving account ending in 1244 reported eleven months of balance history from July 2025 through May 2026. The Actual Payment Amount field is blank in all eleven months and the Past Due Amount field is blank in all eleven months, totaling twenty-two blank fields on this single open account.

9. The Capital One Bank USA NA charged-off account ending in 1570 reported twenty-three months of balance history from June 2024 through April 2026. The Scheduled Payment Amount and Actual Payment Amount fields are blank in every one of the twenty-three months, totaling forty-six blank fields, and the Last Payment Date field is frozen at the identical value of July 21, 2023 across all twenty-three consecutive rows.

10. The LVNV Funding LLC collection account ending in 3061 left the Status field entirely blank and the Credit Limit field entirely blank at the account-summary level, and its twenty-four months of balance history leave the Scheduled Payment Amount, Actual

Payment Amount, Last Payment Date, and Credit Limit fields blank in every row, totaling ninety-six additional blank fields.

11. The Comenitycapital/Forever21 charged-off account ending in 8583 reported twenty-three months of balance history from June 2024 through April 2026. The Scheduled Payment Amount and Actual Payment Amount fields are blank in every one of the twenty-three months, totaling forty-six blank fields, and the Last Payment Date field is frozen at the identical value of May 27, 2022 across all twenty-three consecutive rows.

12. The Kikoff Lending, LLC charge account ending in 57BK left the Date of First Delinquency, Amount Past Due, Deferred Payment Start Date, Charge Off Amount, Balloon Payment Amount, Date Closed, and Activity Designator fields blank at the account-summary level, and its balance history contains thirty-two additional blank Scheduled Payment Amount, Actual Payment Amount, Past Due Amount, and Credit Limit entries across twenty reported months, including a Last Payment Date field frozen at the identical value of November 20, 2024 across four consecutive rows from December 2024 through March 2025.

13. The Kikoff Lending, LLC secured account ending in LOIY left its Credit Limit field entirely blank at the account-summary level and reported nineteen additional blank Past Due Amount and Credit Limit entries across its nine months of balance history.

14. The Fingerhut/WebBank account ending in 1504, reported as "Paid and Closed" after twenty months of review, contains no balance history table whatsoever and left the Date of First Delinquency, Scheduled Payment Amount, Actual Payment Amount, Amount

Past Due, Charge Off Amount, Deferred Payment Start Date, Balloon Payment Amount, Balloon Payment Date, and Term Duration fields blank at the account-summary level.

15. In total, Plaintiff's June 24, 2026 file disclosure from Equifax contains in excess of 330 blank, missing, or frozen placeholder data fields across only seven reported accounts.

16. The identical, unchanging Last Payment Date values recorded across dozens of consecutive monthly entries on multiple unrelated accounts, specifically July 21, 2023 on the Capital One charged-off account, May 27, 2022 on the Comenitycapital/Forever21 account, and November 20, 2024 on the Kikoff charge account, are not the product of isolated error but reflect a uniform, systemic practice of populating balance-history tables with frozen placeholder values rather than the furnisher-reported data in Equifax's possession.

17. Pursuant to 15 U.S.C. § 1681g(a)(1), Equifax was required, upon Plaintiff's request, to clearly and accurately disclose to her all information in her file at the time of the request. The term "file" is defined by 15 U.S.C. § 1681a(g) to mean all information on the consumer recorded and retained by the agency, regardless of how it is stored.

18. On information and belief, Equifax maintains the complete furnisher-reported data, including full payment amounts and past due figures, within its internal databases and transmits that complete data to third-party purchasers of Plaintiff's consumer report, while systematically withholding the same data from Plaintiff's own file disclosure.

19. Equifax's failure to disclose this information rendered Plaintiff's file disclosure unclear such that Plaintiff cannot determine the accuracy of the information Equifax maintains

and reports concerning her. Alexander v. Equifax Info. Servs., LLC, 2018 WL 3025939 (D. Nev. 2018).

**C. Per Se Inaccuracies**

20. The Capital One Bank USA NA revolving account ending in 1244 carries a stated Credit Limit of $300.00. Equifax's own balance history reports a balance of $338.00 for October 2025 and a balance of $305.00 for September 2025, each exceeding the stated credit limit.

21. The Capital One Bank USA NA charged-off account ending in 1570 carries a stated Credit Limit of $300.00. Equifax's own balance history reports an identical balance of $325.00 in every one of the twenty-three reported months, exceeding the stated credit limit in every month reported.

22. The Comenitycapital/Forever21 account ending in 8583 carries a stated Credit Limit of $150.00. Equifax's own balance history reports an identical balance of $176.00 in every one of the twenty-three reported months, exceeding the stated credit limit in every month reported.

23. A reported balance that exceeds the account's own stated credit limit is a per se inaccuracy that requires no interpretation or extrinsic evidence to identify. Gorman v. Wolpoff & Abramson, 584 F.3d 1147 (9th Cir. 2009).

**D. Third-Party Dissemination**

24. On May 15, 2025, Equifax transmitted Plaintiff's consumer report to Capital One, as evidenced by the hard inquiry recorded on Plaintiff's file disclosure.

25. On January 2, 2026, Equifax transmitted Plaintiff's consumer report to Digital Federal Credit Union, as evidenced by the hard inquiry recorded on Plaintiff's file disclosure.

26. Plaintiff's file disclosure additionally reflects numerous soft, account-review, and promotional inquiries from entities including Capital One, Credit Karma, Inc., FMR, LLC dba Fidelity, Equifax Consumer Services, and Progressive Insurance, confirming that Plaintiff's file was active, current, and regularly accessed during the period the incomplete and inaccurate information described above was contained within it.

**E. Willfulness**

27. The FTC's Advisory Opinion to Darcy, issued June 30, 2000, placed Equifax and every other nationwide consumer reporting agency on specific notice, more than twenty-five years ago, that withholding data fields from a consumer's own file disclosure while providing that same data to third-party creditors violates 15 U.S.C. § 1681g(a)(1).

28. Equifax's continued operation of a disclosure system that produced in excess of 330 blank or frozen data fields across only seven accounts, including identical frozen placeholder dates repeated across dozens of consecutive months on multiple unrelated accounts, is objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007), and reflects a deliberate, uniform data policy rather than isolated error. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

29. Equifax's failure to implement any automated comparison of a reported balance against the account's own stated credit limit before publishing the per se inaccuracies described above is likewise objectively unreasonable under Safeco.

**F. Actual Damages**

30. As a direct and proximate result of Equifax's conduct, Plaintiff has suffered actual damages, including emotional distress, frustration, and anxiety from being unable to verify the accuracy of her own credit history; impaired ability to assess and manage her creditworthiness; inability to identify or dispute the inaccurate balances described above with confidence; and time and resources expended attempting to review and reconcile an incomplete file disclosure.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681g(a)(1)

## INCOMPLETE FILE DISCLOSURE

31. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

32. 15 U.S.C. § 1681g(a)(1) requires a consumer reporting agency, upon a consumer's request, to clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

33. Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information in Plaintiff's file, specifically by omitting Actual Payment Amount, Past Due Amount, Scheduled Payment Amount, Credit Limit, Status, and other data fields across all seven of Plaintiff's reported accounts, resulting in excess of 330 blank, missing, or frozen placeholder data fields in the June 24, 2026 disclosure.

34. Equifax's violation was willful within the meaning of 15 U.S.C. § 1681n, entitling Plaintiff to statutory damages of not less than $100.00 and not more than $1,000.00 per violation, actual damages, punitive damages, and the costs of this action. In the alternative, Equifax's conduct was negligent within the meaning of 15 U.S.C. § 1681o, entitling Plaintiff to actual damages and the costs of this action.

## COUNT II

## VIOLATION OF 15 U.S.C. § 1681e(b)

## PER SE INACCURACY

35. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

36. 15 U.S.C. § 1681e(b) requires a consumer reporting agency to follow reasonable procedures to assure maximum possible accuracy of the information concerning any consumer about whom a consumer report relates.

37. Equifax violated 15 U.S.C. § 1681e(b) by reporting and disseminating a balance of $338.00 and a balance of $305.00 on the Capital One Bank USA NA account ending in 1244, a balance of $325.00 on the Capital One Bank USA NA account ending in 1570,

and a balance of $176.00 on the Comenitycapital/Forever21 account ending in 8583, each of which exceeded the stated credit limit on the respective account, without employing reasonable procedures, including basic data-integrity checks comparing reported balance against stated credit limit, to assure the accuracy of this information before it was disseminated to third parties including Capital One and Digital Federal Credit Union.

38. Equifax's violation was willful within the meaning of 15 U.S.C. § 1681n, entitling Plaintiff to statutory damages of not less than $100.00 and not more than $1,000.00 per violation, actual damages, punitive damages, and the costs of this action. In the alternative, Equifax's conduct was negligent within the meaning of 15 U.S.C. § 1681o, entitling Plaintiff to actual damages and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shawneice Brown-Kelow respectfully requests that this Court enter judgment in her favor and against Defendant Equifax Information Services, LLC, and grant the following relief:

a. Judgment for Plaintiff;

b. Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

c. Statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e. Costs of this action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

f. Injunctive relief requiring Equifax to provide Plaintiff a complete and corrected file disclosure;

g. Such other and further relief as the Court deems just and proper.

Plaintiff reserves the right to amend this Complaint pursuant to FRCP Rule 15(a) to add reinvestigation counts under 15 U.S.C. § 1681i following expiration of the CRA's 30-day reinvestigation window.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Shawneice Brown-Kelow

Shawneice Brown-Kelow

Pro Se Plaintiff

24 Charlotte St Apt 1

Dorchester, Massachusetts 02121

shawneicek@gmail.com

Date: July 15, 2026

# EXHIBIT

Exhibit A: Plaintiff's full Equifax credit report, Confirmation No. 6175535990 all pages, dated June 24, 2026.

Exhibit B: FTC Advisory Opinion to Darcy, June 30, 2000.

Exhibit C: Itemized blank and missing data field inventory, by account, from Plaintiff's June 24, 2026 Equifax disclosure.